(No. 85-CV-0922–

*In re* APPLICATION OF RITA JOHNSON.

*Opinion filed September 25, 1985.*

RITA JOHNSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ALISON P. BRESLAUER, Assistant Attorney General, of counsel), for Respondent.

·POCH, J.

This claim arises out of an incident that occurred on May 13, 1984. Rita Johnson, wife of the deceased victim, Robert Johnson, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on March 22, 1985, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband Robert Johnson, age 44, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: voluntary manslaughter. Ill. Rev. Stat. 1979, ch. 38, par. 9—2.

2. That on May 13, 1984, the victim was shot by his brother-in-law during the course of an argument. The incident occurred in the offender's apartment at 4601 South Indiana, Chicago, Illinois. Police investigation determined that as the victim and the offender were arguing, the offender obtained a gun from a briefcase. Although he left the room for a short time, the offender returned to the room with the gun. As the victim attempted to leave, the offender shot him twice. The victim was taken to Michael Reese Hospital where he expired from his injuries. The offender was convicted of voluntary manslaughter.

3. That the Claimant seeks compensation for funeral and medical/hospital expenses and for loss of support for herself and the victim's minor children, Recco Johnson, age 16; Nathaniel Johnson, age 15; Robert Johnson, age 14; and Tasha Johnson, age 8.

4. According to section 10.1(c) of the Act, a person related to the victim is eligible for compensation for funeral and medical/hospital expenses provided that such expenses were paid by him.

5. That the Claimant incurred funeral and burial expenses in the amount of $2,420.00. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum award of $2,000.00.

6. The Claimant incurred medical and hospital expenses as a result of the victim's death in the amount of $6,213.83 none of which was paid by insurance leaving a balance of $6,213.83. This amount has not been

paid and therefore cannot be considered for compensation at this time, pursuant to section 10.1(c) of the Act.

7. That the Claimant and the victim's four minor children were totally dependent upon the victim for support.

8. That prior to his death, the victim was employed by the Chicago Housing Authority and his average monthly earnings were $686.45.

9. That section 2(h) of the Act states ". . . loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

10. That the victim was 44 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1978, life tables, volume II, his life expectancy would have been 73.6 years. The projected loss of support for 29.6 years is $243,827.04 which is in excess of $15,000.00, the maximum amount compensable under section 10.1(f) of the Act.

11. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

12. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from

any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

13. That the Claimant has received $30,728.33 from life insurance policies, $5,728.33 of which can be counted as applicable deductions.

14. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of the $15,000.00 maximum allowed in section 10.1(f) of the Act.

15. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act.

It is therefore, hereby ordered that the sum of $15,000.00 (fifteen thousand dollars) be and is hereby awarded to Rita Johnson, wife of Robert Johnson, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) $2,670.00 (two thousand six hundred seventy dollars) to be paid to Rita Johnson in a lump sum;

(b) 18 (eighteen) equal monthly payments of $685.00 (six hundred eighty-five dollars) each to be paid to Rita Johnson for the use and benefit of Recco Johnson, Nathaniel Johnson, Robert Johnson, Jr., and Tasha Johnson;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the

Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.